PER CURIAM.
T.N., a juvenile, petitioned this court for a writ of habeas corpus seeking immediate *268 release from custody after he was detained pursuant to an order of indirect criminal contempt issued on December 15, 2004. On January 5, 2005, after reviewing the petition, this court issued an unpublished order granting the petition for writ of ha-beas corpus and ordering T.N. to be immediately released from his detention. This opinion now follows.
T.N. was originally charged with possession of cannabis in violation of section 893.13(6)(b), Florida Statutes (2004). On June 30, 2004, without being arraigned on the charges, T.N. and his mother entered into an agreement with the State, by which he agreed to participate in the Juvenile Drug Court Program.[1] This agreement was ratified by the trial court on June 30, 2004.
As part of the agreement, T.N. was subject to mandated drug treatment and testing to ensure that he remained drug free. Additionally, the agreement specified that if T.N. failed to comply with the terms of the agreement, the trial court could find him in contempt and impose one or more of several enumerated sanctions. The list of possible sanctions included placement in a secure facility and placement in a residential treatment program.
On more than one occasion afterwards, T.N. tested positive for marijuana, and after August 16, 2004, he apparently stopped attempting to participate in any drug treatment program.
As a result, the trial court found T.N. to be noncompliant with the agreement and issued an order directing him to show cause why he should not be held in contempt of court for abandoning his drug treatment obligations. Pursuant to this order, the trial court held a hearing, which resulted in the entry of an order holding T.N. in indirect criminal contempt pursuant to section 985.216(2), Florida Statutes (2004). The court sanctioned T.N. by placing him in secure detention for ten days, after which he was to be transported to the ACTS Addiction Receiving Facility to be held there until he could be placed in residential treatment.
In his petition, T.N. claims that the legislative intent of section 985.216 was not to incarcerate juveniles who participate in the juvenile drug court program to avoid being adjudicated delinquent. Accordingly, T.N. argues that when a juvenile fails to uphold the terms of a drug court agreement, the appropriate procedure is not to hold the child in indirect criminal contempt, but rather to dismiss the child from the drug court program and return him or her to court for adjudication based on the original charges.
Although the terms of the agreement were originally part of a contract between T.N. and the State, by ratifying the agreement, the trial court placed T.N. under direct order to comply with the terms of the agreement. T.N.’s failure to do so subjected him to being found in indirect criminal contempt for failing to comply with the trial court’s order. Although we do not find the trial court’s finding that T.N. was in indirect criminal contempt of court to be error, we conclude that the sanction that the trial court imposed was in error.
The legislature has specified the possible sanctions that a trial court may impose for indirect criminal contempt. See § 985.216(2)-(3). Because the trial court’s use of the ACTS Addiction Receiving Facility and the residential drug treatment *269 program as sanctions for indirect criminal contempt are not contemplated -within the statute, those sanctions were improperly imposed.
Accordingly, we quash that portion of the trial court’s order that imposed these sanctions. On January 25, 2005, this court granted T.N.’s petition for writ of habeas corpus and ordered his immediate release.
CASANUEVA and CANADY, JJ., Concur.
DAVIS, J., Concurs with opinion.

. This program is outlined in section 985.306, Florida Statutes (2004), as a program that allows a juvenile to receive substance abuse education and treatment prior to adjudication.