IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.P., A CHILD,

      Petitioner,

 v.

STATE OF FLORIDA,

      Respondent.

_____/

Case No. 5D17-1041
LT No. 2015-CJ-005475-A-OR

Opinion filed April 27, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Ashley Dunbar, Assistant Public Defender,
Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

      A.P. petitioned for a writ of habeas corpus, alleging that he was sentenced to five days in secure detention for indirect contempt of court without being afforded the due process required by rule and statute. We previously granted the petition by order and now explain our decision in further detail.

Petitioner appeared before the court regarding an alleged violation of his previously imposed court-ordered curfew. The trial court indicated that Petitioner would be detained for five days in the juvenile detention center. Petitioner's counsel objected, and requested that the trial court follow the contempt procedures found in section 985.037, Florida Statutes (2017). The trial court noted Petitioner's objection and request, but without further delay, ordered Petitioner's detention.

The trial court erred in two respects. First, indirect criminal contempt is the procedure a trial court must use to enforce violations of a juvenile pretrial diversion program or conditions of pretrial release. *See* §§ 985.345(1)(b); 985.24(1)(d)2., Fla. Stat. (2017); *T.N. v. Portesy*, 932 So. 2d 267, 268 (Fla. 2d DCA 2005). Second, "a prosecution for indirect criminal contempt is to follow the procedural due process set forth in [Florida Rules of Juvenile Procedure] rule 8.150 and section 985.037." *K.M. v. State*, 962 So. 2d 969, 970 (Fla. 4th DCA 2007); *see also G.C. v. State,* 901 So. 2d 1021, 1021 (Fla. 4th DCA 2005). The trial court did not follow those procedures thereby resulting in a failure to provide Petitioner with due process. Accordingly, we determined and ordered that Petitioner was entitled to be immediately released from custody. The order of detention is quashed.

PETITION GRANTED.

ORFINGER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.